IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


**MELISSA RUSMISEL**                                                **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:04CV749-WHB-AGN**

**CORTEZ BYRD TRUCKING COMPANY, INC.**                              **DEFENDANT**


<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Motion of Defendant Cortez Byrd Trucking Company, Inc. (hereinafter "Byrd Trucking") for Attorneys' Fees and Expenses. Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

This Title VII gender discrimination case was tried before the undersigned from March 15 through March 17, 2006. The jury returned a verdict in favor of Byrd Trucking on March 17, and a Final Judgment consistent with the jury's verdict was filed on March 20, 2006. As the prevailing party, Byrd Trucking now seeks an award of attorneys' fees and costs.

Defendant's prayer for relief is based on the provisions of 42 U.S.C. § 2000e-5(k), which states in part "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as part of the costs...." This provision

is typically invoked for the award of attorney's fees and expenses to a prevailing plaintiff in a Title VII suit. However, if certain conditions are met, a prevailing defendant may also recover fees and expenses.

In Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the United States Supreme Court provided guidance on when a prevailing defendant in a discrimination case should or should not be awarded attorney's fees and expenses. The Court held

> a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.

Id. at 422; see also Dean v. Riser, 240 F.3d 505, 508 (5th Cir. 2001)(citing Christiansburg Garment Co.). A defendant is not entitled to attorney's fees and expenses based merely on prevailing at trial. Id. at 421-22. To find otherwise would "discourage all but the most airtight claims" of victims of discrimination. Id. at 422.

Based on the evidence presented at the trial of this cause, the Court finds that Plaintiff's claims were not frivolous, unreasonable or groundless, and that they were not brought in bad faith. The Court therefore finds that Defendant's Motion for Attorneys' Fees and Expenses must be denied.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendant Cortez Byrd Trucking Company, Inc. for Attorneys' Fees and Expenses (docket entry no. 73) is hereby denied.

IT IS FURTHER ORDERED that the Motions filed under docket entry nos. 72 and 77 are rendered moot by the findings herein, and are hereby denied as such.

SO ORDERED this the 29th day of June, 2006.


                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE

tct